# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v().

ROBERT A. WELLS,

    Defendant.

Case No. 13-40098-01-JAR

## MEMORANDUM AND ORDER

Defendant Robert Wells pled guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).[1] Defendant was sentenced on January 13, 2014, to 120 months' imprisonment.[2] Defendant did not file a direct appeal. On June 29, 2017, Defendant mailed a letter to the undersigned, asking the Court to reduce his sentence in light of his acceptance of responsibility for his actions, his steps to improve himself while incarcerated, his dissatisfaction with prison life, and his need to be with his family and loved ones. (Doc. 35). In light of Defendant's *pro se* status, the Court construes his letter as a motion for reduction of sentence under 18 U.S.C. § 3582(c). As explained below, the motion is denied.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[3] As the Tenth Circuit explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon

---

[1] Doc. 16.

[2] Doc. 28.

[3] *United States v. Mendoza,* 118 F.3d 707, 709 (10th Cir. 1997).

1

motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[4]

If the defendant's argued basis does not fall within one of these three limited avenues under § 3582(c), the Court is without jurisdiction to consider the defendant's request.[5] None of the avenues set forth above apply to this case. Although the Court commends Defendant for his rehabilitative efforts since his conviction, and extends sympathy for the issues he and his family are facing because of his incarceration, it simply does not have the power to reduce Defendant's sentence. Defendant's motion must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Robert Wells's Motion For Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 35) is DENIED.

**IT IS SO ORDERED.**

Dated: August 23, 2017

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[4]*United States v. Blackwell,* 81 F.3d 945, 947–48 (10th Cir. 1996) (citations and footnotes omitted). Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004; neither of these amendments substantively affects the Tenth Circuit's analysis.

[5]*United States v. Smartt,* 129 F.3d 539, 541 (10th Cir. 1997).